FILED
U.S. Bankruptcy Court
of NC

MAY 09 2019

Steven T. Salata, Clerk
Charlotte Division
KRT

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In re:  )  Case No.: 03-34626
        )
Andrew Douglas Mickler )  Chapter: 7
        )
        )
        )
        )
        )
      Debtor(s)  )
_____)

## MOTION FOR DISBURSEMENT OF UNCLAIMED FUNDS

_____John Marshall, *pro se*_____ hereby moves the Court for an order
    (Claimant(s) Name)

directing the United States Bankruptcy Court to disburse the sum of $___3577.24___
                                                      (Enter amount of claim)

from the Court's registry fund, payable to _____Jack Barbee_____, representing
                                              (Claimant(s) Name)

unclaimed funds previously deposited with the Court.

Date ___5/6/19___

Supporting documentation attached _X_ yes ___ no

*I understand that pursuant to 18 U.S.C. §§ 152 & 3571, I may be fined up to $500,000, imprisoned for up to 5 years, or both if I have knowingly and fraudulently made any false statements in this document or provided false and fraudulent documentation as part of this application.*

_____
Signature of Claimant

__John Marshall_____
Typed or printed name of Claimant

6800 Paragon Place, Suite 202
Richmond, VA 23230
Address of Claimant

__804-285-0807x2_____
Daytime Telephone Number of Claimant

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

In re:  )  Case No.: 03-34626
  )
Andrew Douglas Mickler  )  Chapter: 7
  )
  )
  )
  )
  )
Debtor(s)  )
_____)

**NOTICE OF HEARING AND CERTIFICATE OF SERVICE**

NOTICE IS HEREBY GIVEN that the Court will conduct a hearing on __5/29/19__

at __9:30__ (a.m.)/p.m.) in Courtroom number __C1-4__ located at __401 W. Trade Street, Charlotte, NC__

to consider the Motion for Disbursement of Unclaimed Funds filed by __John Marshall, *pro se*__.
(Claimant(s) Name)

NOTICE IS FURTHER GIVEN to the Court that on __5/6/19__, the United States
(Enter date parties served)
Attorney, the case trustee, and the Bankruptcy Administrator were served a copy of the Motion for

Disbursement of Unclaimed Funds and this Notice of Hearing by U.S. Mail.

_____
Signature of Claimant(s)

__John Marshall__
Typed or printed name of Claimant(s)

Date __5/6/19__

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA

In re: **Andrew Douglas Mickler**  Case # **03-34626**

Debtor  Chapter **7**

## PROOF OF SERVICE

**NOTICE** is hereby given that on ___5/6/19___ a true and correct copy of the Motion for Unclaimed Funds with copies of all Affidavits and supporting documentation was served on the following parties:

*US Attorney:*
**Office of the US Attorney**
**227 West Trade Street   Suite 1650**
**Charlotte, NC 28202**

*Creditor/Assignee:*
**Jack Barbee**
**200 Brookwood Avenue NW**
**Concord NC 28025**
**Phone 704-680-7595**

*Office of the US Bankruptcy Administrator:*
**U.S. Bankruptcy Administrator**
**402 W. Trade Street  Suite 200**
**Charlotte, NC 28202-1669**

*Trustee:*
**A. Burton Shuford**
**4700 Lebanon Road,**
**Suite #A-2**
**Mint Hill, NC 28227**

_____
Signature – *John Marshall*

Subscribed and Sworn before me
this __6__ day of __May_____, 2019

Notary Public: _Ann C Brown_

My Commission Expires: __6-30-20__



**Evidence and Supporting Documents related to an Unclaimed Funds Recovery filing**

*INDEX TO ENCLOSURES*

**Unclaimed Funds Recovery**

**HOLDER: USBC NC Western**
**CASE # 03-34626 Mickler**
**CLAIMANT: John Marshall, Assignee**

| | |
|---|---|
| Evidence of Funds Deposit by Trustee | 1 |
| Complete Assignment Package | 2 |
| Affidavit of John Marshall | 3 |
| | 4 |
| | 5 |
| | 6 |
| | 7 |
| | 8 |
| | 9 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | 14 |
| | 15 |

**Brief History Statement & Recap of Supporting Evidence:**

*Jack Barbee* was the creditor ("Creditor") with respect to the unclaimed funds in question. The Creditor did not receive the check for reasons unknown but likely due to a mailing error, which lead to the deposit into the unclaimed fund registry.

**John Marshall,** *pro se* ("Claimant") located the Creditor, disclosed the full details of the account, and made an offer to purchase an Assignment of the account.

The Creditor – upon being made aware of the account – elected to sell and assign their interest in the account and underlying claim to the Claimant, and the transaction has been completed accordingly. Proper evidence of all these facts is included herewith. Thus, Claimant makes this application as the Assignee and Owner of the funds in question

Prepared & Submitted by:

John Marshall
6800 Paragon Place  Suite 202
Richmond, VA 23230
Phone 804-285-0807
JMarshall@JMPartnersLLC.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:                                    )
                                          )
ANDREW DOUGLAS MICKLER                    )    Case No. 03-34626
                                          )    Chapter 7
                                          )
         Debtor.                          )

### APPLICATION TO DEPOSIT TO THE REGISTRY FUND

Applicant respectfully shows:

1. This is a bankruptcy case in which the applicant is the Trustee.

2. The checks shown below disbursed by the Trustee in this case, have remained uncashed for ninety (90) days after the date of distribution of the final dividend:

| Check # | Name & Address | Check Amount |
|---|---|---|
| 5008 | RSC Rental<br>c/o James F. Jordan, Esq.<br>8015 Creedmoor Road, #201<br>Raleigh, NC 27613 | $2,137.47 |
| 5010 | Jack Barbee<br>8971 Quay Rd.<br>Concord, NC 28027 | $3,577.24 ← The Funds |

3. Pursuant to the provisions of 11 U.S.C., Section 347, undistributed funds that remain uncashed after ninety (90) days are to be deposited to the United States Registry Fund.

WHEREFORE, applicant respectfully prays that he be allowed to deposit with the Clerk of Bankruptcy Court, 401 W. Trade Street, Charlotte, North Carolina, 28202, in the Registry Fund, the sum of $5,714.71.

This the 3rd day of February, 2014.

/s/ A. Burton Shuford
A. Burton Shuford, NCBN 10035
Attorney for the Trustee
Shuford & Bain, PLLC
1909 J.N. Pease Place, Suite 101
Charlotte, NC 28262
Telephone (980) 321-7000
Email: bshuford@shufordbain.com

FORM B10 (Official Form 10)(12/03)

| UNITED STATES BANKRUPTCY COURT<br>WESTERN DISTRICT OF NORTH CAROLINA | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor<br>Andrew Douglas Mickler | Case Number<br>03-34626 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Jack Barbie

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

[copy of the claim from which the unclaimed funds arose]

Name and Address where notices should be sent:
Jack Barbie
~~801 Clanton Road, #T05~~
~~Charlotte, NC 28217~~

Jack Barbee
8971 Quay Rd
Concord, NC
28024

Telephone Number: 704-622-1612

Account or other number by which creditor identifies debtor:

Check here if ☐ replaces   ☐ amends   a previously filed claim, dated:_____
this claim

1. Basis for Claim
   ☐ Goods sold
   ☐ Services performed
   ☑ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☐ Other

   ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of SS #: _____
   Unpaid compensation for services performed
   from _____ to _____
   (date) (date)

2. Date debt was incurred: 7-1-2002

3. If court judgment, date obtained:

4. Total Amount of Claim at Time Case Filed: $30,000
   (unsecured) (secured) (priority) (Total)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. Unsecured Nonpriority Claim $30,000
   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. Unsecured Priority Claim.
   ☑ Check this box if you have an unsecured priority claim
   Amount entitled to priority $30,000
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).
   ☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
Jack Barbee   JACK BARBEE

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

016202

**Evidence and Supporting Documents related to an Unclaimed Funds Recovery filing**

*INDEX TO ENCLOSURES*

**Unclaimed Funds Recovery**

**HOLDER: USBC NC Western**
**CASE # 03-34626 Mickler**
**CLAIMANT: John Marshall, Assignee**

| Enclosure | # |
|---|---|
| Purchase & Assignment of Interest | 1 |
| Bill of Sale | 2 |
| Affidavit of Assignor | 3 |
| Photo ID of Assignor's Rep | 4 |
| Evidence of Linkage to Case/Claim | 5 |
| | 6 |
| | 7 |
| | 8 |
| | 9 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | 14 |
| | 15 |

**Brief History Statement & Recap of Supporting Evidence:**

*Jack Barbee* was the creditor ("Creditor") with respect to the unclaimed funds in question. The Creditor did not receive the check for reasons unknown but likely due to a mailing error, which lead to the deposit into the unclaimed fund registry.

**John Marshall,** *pro se* ("Claimant") located the Creditor, disclosed the full details of the account, and made an offer to purchase an Assignment of the account.

The Creditor – upon being made aware of the account – elected to sell and assign their interest in the account and underlying claim to the Claimant, and the transaction has been completed accordingly. Proper evidence of all these facts is included herewith. Thus, Claimant makes this application as the Assignee and Owner of the funds in question

Prepared & Submitted by:

John Marshall
6800 Paragon Place  Ste 202
Richmond, VA 23230
Phone 804-285-0807
JMarshall@JMPartnersLLC.com

**PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST**

This **PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST** (hereinafter "Agreement") is made and entered into as of **April 16, 2019** by and between **Jack Barbee, 200 Brookwood Avenue NW, Concord NC 28025, Phone 704-680-7595** (hereinafter "Seller") and **John Marshall, 6800 Paragon Place, Suite 202, Richmond, VA 23230-1656** (hereinafter "Buyer").

**RECITALS**

A. Seller was a Creditor in **Bankruptcy Case # 03-34626 (Mickler - Debtor)** as was filed in the **United States Bankruptcy Court for the Western District of North Carolina** (hereinafter the "Bankruptcy Case"). In its capacity as Creditor, Seller was entitled to that certain distribution of funds in the amount of **$ 3577.24** (hereinafter "Funds"), which remittance was attempted by the Trustee at the Creditor's last known address. Such remittance was never negotiated, however, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the trustee remitted the funds to the Clerk of the Court for payment on to the Registry of Unclaimed Funds. Such funds are subject to withdrawal as provided by 28 U.S.C. 2042.

B. Rather than attempting to collect the Funds - and in an effort to both save the expense of such a collection, as well as to expedite the liquidating of their interest in Funds - Seller desires to legally Sell and Assign its interest in such Funds, and Buyer desires to purchase and obtain such interest in Funds. Therefore, with both parties being of sound mind, and operating in the manner in which they deem to be in their mutual best interest, Seller shall convey all rights, title and interest that Seller has in the Funds and the Claim which generated same, and Buyer shall purchase all rights, title and interest that Seller has in the Funds and such Claim as generated same.

NOW, THEREFORE, in consideration of the mutual covenants, representations, and warranties contained in this Agreement, the parties agree as follows:

**ARTICLE 1 – PURCHASE, ASSIGNMENT AND SALE OF ASSETS**

1.1 Assets to be assigned: Seller has sold to Buyer, and Buyer has purchased from Seller, any and all right, title, and interest of Seller in and to the following described Property: **THAT CERTAIN UNCLAIMED FUNDS** account in the amount of **$ 3577.24** as is held for the benefit of Seller, on the books and records known as the **Unclaimed Funds Registry of the Clerk of the Court, United States Bankruptcy Court for the Western District of North Carolina,** and as is evidenced by the attachments hereto, as well as the Claim which generated such funds – if and to the extent applicable to this transaction.

1.2 Assignment of Interest: Acceptance of this Agreement constitutes full verification of the Sellers intent, desire and notice to assign – and Buyers intent, desire, and notice to accept such assignment – of the Assets identified in paragraph 1.1 above. Both parties agree to fulfill their obligations as defined herein, or otherwise required by law, to affect the proper legal transfer of ownership of such assets on the books and records of all entities holding an interest in same, and all rights, title, and interest in the Funds shall become the property of Buyer immediately upon payment of the purchase price and execution of this Agreement.

1.3 The Purchase: The purchase price shall be **$ 2575.61** which sum shall be remitted via Check and provided in exchange for a valid execution of this Agreement (or, at the Sellers Option, shall be remitted via wire transfer immediately upon receipt of the executed documents validating the transaction), and the providing of all documents required to prove both ownership and assignment.

1.4 To the extent necessary under applicable law (but only to such extent), Seller hereby irrevocably appoints Assignee or John J. Marshall as its true and lawful attorney-in-fact to act in Assignor's stead with respect to the asset(s) purchased herein, provided however that attorney shall bear all the costs of such actions.

**ARTICLE 2 – CLOSING**

2.1 Time and Place of Closing. The closing for the purchase and sale of the Property (the "Closing") shall be completed immediately upon execution of the required documents. At Closing, Seller shall deliver to Buyer the original of this Assignment along with such other documentation as is required. Buyer shall deliver the payment referenced in 1.3 above immediately upon receipt of all such documents. Buyer shall have no rights to the Funds unless and until such documents are properly executed, and the payment is provided in exchange for same.

2.2 Expenses of Closing. The expenses of Closing shall be paid as follows: (a) Except as otherwise expressly provided in this Agreement, all other fees and costs of Closing, including, but not limited to, legal fees, accounting fees, consulting fees, and other incidental expenses in connection with the transactions contemplated by this Agreement shall be borne by the party that incurs the expenses.

**ARTICLE 3 - REPRESENTATIONS AND WARRANTIES**

3.1 State of Title and AS IS Sale. Seller has not made, does not make and specifically negates and disclaims any representations, warranties, promises, covenants, agreements or guarantees of any kind or character, whether expressed or implied, oral or written, past, present or future, of, as to, concerning or with respect to the Funds, or the legal requirements that Buyer shall have to collect same.

3.2 Buyer's Representations and Warranties. Buyer makes the following representations and warranties to Seller, each of which is true and correct as of the date of this Agreement and shall be true and correct as of the Closing Date: (a) Buyer is experienced in these matters, and is qualified to transact the business detailed in this Agreement. (b) Buyer has full legal power and authority to enter into and perform this Agreement, and this Agreement constitutes the valid and binding obligation of Buyer, enforceable in accordance with its terms. (c) The execution and delivery of this Agreement does not conflict with, violate, or constitute a default under the terms, conditions, or provisions of any agreement or instrument to which Buyer is a party, or any law, judgment, or order of which Buyer is aware. (d) There is no action, proceeding, or claim pending, or, to Buyer's knowledge, threatened, against Buyer that would affect Buyer's ability to

consummate the transactions contemplated by this Agreement. (e) Except for the required approval of the court, as previously defined herein, no consent, approval, or authorization of or declaration, filing, or registration with any governmental or regulatory authority is required in connection with the execution, delivery, and performance by Buyer of this Agreement or the consummation of the transactions contemplated by the Agreement.

3.3 Seller's Representations and Warranties. Seller makes the following representations and warranties to Buyer, each of which is true and correct as of the date of this Agreement, and will be true and correct as of the Closing Date: (a) Seller is the party referenced in RECITALS (A) above, and shall provide proper proof of that fact. (b) Seller has not previously assigned, sold or pledged the Funds to any third party, in whole or in part.

3.4 Correctness of Representations. No representation or warranty of Buyer or Seller in this Agreement or any other information furnished by Buyer or Seller pursuant to this Agreement contains any untrue statement of material fact or fails to state any fact necessary in order to make the statements not misleading in any material respect. All statements, representations, and other information provided by Seller and Buyer shall be true and correct on and as of the Closing Date as though made on that date.

## ARTICLE 4 - COVENANTS

4.1 Documentation to Effect Transfer. Buyer shall be responsible for and shall prepare, at his own expense, any and all legal documentation, and complete any process required in the bankruptcy court that may be subsequently required to effectuate the transfer of the Funds to Buyer – though Seller shall provide any and all cooperation, including the execution of any further documents that the court might require to complete the transfer, if not included in this Agreement and the attachments hereto.

## ARTICLE 5 - GENERAL PROVISIONS

5.1 Successors and Assigns. The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors and assigns of the parties.

5.2 Entire Agreement. This Agreement constitutes the entire agreement between the parties with respect to the subject matter of this Agreement and supersedes all prior agreements, oral and written, between the parties hereto with respect to the subject matter of this Agreement.

5.3 Fees and Expenses. Unless otherwise specifically provided for in this Agreement, Seller and Buyer shall both pay their own fees and expenses in connection with the negotiation and consummation of the transactions contemplated herein.

5.4 Notices. All notices, requests, demands, and other communications required by this Agreement shall be in writing and shall be (a) delivered in person or by courier (NOTE: If delivered personally or by courier, the date on which the notice, request, instruction, or document is delivered shall be the date on which the delivery is made, and if delivered by facsimile transmission or mail as aforesaid, the date on which the notice, request, instruction, or document is received shall be the date of delivery), (b) mailed by first class registered or certified mail, or (c) delivered by facsimile transmission with an authenticated receipt therefore, as follows, or to such other address as a party may designate in writing:

| IF TO SELLER: | IF TO BUYER: |
|---|---|
| Jack Barbee | John Marshall |
| 200 Brookwood Avenue NW | 6800 Paragon Place, Suite 202 |
| Concord NC 28025 | Richmond, VA 23230-1656 |
| Phone 704-680-7595 | Phone 804-285-0807 |

5.5 Headings. All section headings contained in this Agreement are for convenience of reference only, do not form a part of this Agreement, and shall not affect in any way the meaning or interpretation of this Agreement.

5.6 Counterparts. This Agreement may not be executed in counterparts.

5.7 Severability. In the event any provision of this Agreement is deemed to be invalid, illegal, or unenforceable, all other provisions of the Agreement that are not affected by the invalidity, illegality, or unenforceability shall remain in full force and effect.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

Seller: _[signature]_  Buyer: _[signature]_
Signature – Jack Barbee    John Marshall

*Subscribed and Sworn before me by the above named SELLER on this* 22 *day of* APRIL *, 2019*

Notary Public: _[signature]_

*My Commission Exp:* FEBRUARY 2, 2022

LEWIS KETRON
NOTARY PUBLIC
Cabarrus County
North Carolina
My Commission Expires Feb. 2, 2022

# BILL OF SALE

| SELLER: | Jack Barbee<br>200 Brookwood Avenue NW<br>Concord NC 28025<br>Phone 704-680-7595 |
|---|---|

In consideration of the sum of:

### Two Thousand Five Hundred Seventy Five Dollars & 61/100 ($ 2575.61)

I, **_Jack Barbee, acting in my individual capacity_** (hereinafter "SELLER"), hereby sell, convey, and transfer all rights, title and interest to the below referenced unclaimed bankruptcy account in the amount of **_$ 3577.24_** that was generated by same via Trustee's Deposit of Unclaimed Funds to the Court's Registry Account - to: **John Marshall (hereinafter referred to as BUYER), of 6800 Paragon Place, Suite 202, Richmond, VA 23230-1656**

### CLAIM INFORMATION / ITEM(S) BEING SOLD:

| Debtor: | Mickler | Case # | 03-34626 |
|---|---|---|---|
| Court: | US Bankruptcy Court for the Western District of North Carolina | Chapter: | 7 |

| Type | Originally Filed By / Comments |
|---|---|
| Claim | Jack Barbee |

_Signature_ – **Jack Barbee**

LEWIS KETRON
NOTARY PUBLIC
Cabarrus County
North Carolina
My Commission Expires Feb. 2, 2022

*Subscribed and Sworn before me on this* 22ND *day of* APRIL *, 2019*

*Notary Public:* _____

*My Commission Expires:* FEBRUARY 2, 2022

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA

---

In re:  **Andrew Douglas Mickler**                              Case # **03-34626**

    Debtor                                                      Chapter **7**

---

### AFFIDAVIT of ASSIGNOR or it's AUTHORIZED REPRESENTATIVE

**I, Jack Barbee, acting in my individual capacity (hereinafter "Creditor")**, am the original Creditor or its Authorized Representative, who is entitled to the funds that are now on the Registry of Unclaimed Funds. My personal ID, authority and linkage evidence is included herewith - and I declare as follows:

1) Creditor has been made aware of the fact that it is due certain funds as a dividend or refund of surplus – in the amount of **$ 3577.24** - which the Trustee attempted to send to Creditor at the last known address, and as is referenced in the case. Creditor never received the check, for reasons unknown, which apparently resulted in the funds being returned, and remitted on to the Registry of such unclaimed funds. Evidence of my address is provided herewith.

2) Creditor has not previously sold or assigned the account, and is still the owner of same. Creditor did previously engage others to attempt recovery as Creditor's agent, but such efforts were denied by the Court, and Creditor did and hereby reiterates the revocation of any such previously issued Power of Attorney. Creditor has no current pending application for the release of the funds. Creditor has knowingly and consciously decided to sell and assign any and all interest in such funds to **John Marshall (hereinafter "Assignee")**, as evidenced by both the attached Bill of Sale, and the attached Purchase and Assignment Agreement. I hereby grant all interest in such funds to Assignee, and agree to provide any further court required supporting evidence, or execute any other required forms that confirm this fact and/or are necessary for the full transfer of such interest, or the ultimate collection of the funds by the purchaser.

I hereby certify that the foregoing statements are true and correct to the best of my knowledge and belief.

_____
Jack Barbee

LEWIS KETRON
NOTARY PUBLIC
Cabarrus County
North Carolina
My Commission Expires Feb. 2, 2022

Sworn & Subscribed to before me on this
22nd day of ___April___, 20_19_

_____
NOTARY PUBLIC

State of _NC_     County of _Cabarrus_

My Commission Expires on: _February 2nd 2022_

Photo ID of the original Creditor, who is the Assignor in this matter.



CABARRUS COUNTY TAX COLLECTOR'S OFFICE
PO BOX 707
65 CHURCH STREET SE
CONCORD NC 28026-0707

01V819

****AUTO**5-DIGIT 28027 1829 T6:8
BARBEE JACKIE LYNN
8971 QUAY RD
CONCORD NC 28027-3377

**PERSONAL MILITAR:** Sujeto al mundo en su lugar de residencia registrado.

(1) It is registered with the Division of Motor Vehicles and has

**DELINQUENT VEHICLE TAX NOTICE**
**THIS TAX IS DELINQUENT**

To avoid garnishment of wages, attachment of bank account, or seizure and sale of vehicle, contact this office within 10 days of billing date of this notice.
Contact us at (704) 920-2219.

CREDIT CARDS ACCEPTED IN OFFICE AT
65 CHURCH STREET SE
OR
ONLINE @ WWW.CABARRUSCOUNTY.US



Please Read Back of Notice for Important Information
Please mail payments in the envelope provided, or payments may be made in person at the Cabarrus County Tax Collector's Office (Governmental Center), 65 Church Street, SE, Concord, NC
8:00 am - 5:00 pm, Monday - Friday.

| ACCT # | BILL # | BILLING DATE | DUE DATE | INTEREST BEGINS | BLOCK DATE | TOTAL TAX DUE |
|---|---|---|---|---|---|---|
| | 2011-646752 | 04/12/2012 | 05/01/12 | 06/01/12 | | 78.63 |

**Proof of use of address on the unclaimed funds account**

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA

In re:  **Andrew Douglas Mickler**                     Case # **03-34626**

Debtor                                                 Chapter **7**

## AFFIDAVIT AND IDENTIFICATION OF ASSIGNEE

I, **John Marshall** *pro se* (hereinafter "Assignee"), declare as follows:

1) **Assignee** has been granted an Assignment of that certain Unclaimed Funds account by **Jack Barbee (hereinafter "Assignor"),** the original creditor in this matter.  This transaction was undertaken at the Assignor's request – after having been supplied full disclosure of the amount of the Unclaimed Funds account to which they were entitled.  My name, ID and preferred contact info is:



2) I have made all efforts required to know to the best of my knowledge that I am legally entitled to the funds in full, without offset, limitation or impairment of any kind – and that previous to the Assignment (a) Assignor had not sold the rights to another party, and (b) neither the Assignor nor any of its agents had an action on the docket to recover the funds.  I am familiar with the state law requirements related to Assignments of accounts, claims and rights.

3) **Notary Public:**
Sworn to and Subscribed before me this _6_ day of
_May_, 2019.

_Ann C Brown_
Signature of Notary Public

State of **Virginia** – City/County of **Henrico**

SEAL
_Ann C. Brown_
Notary Public (name / print)
My Commission Expires: _6·30·20_

_John Marshall_ / pro se

By my signature above, I hereby certify under the penalties and pains of perjury that all statements herein are true and correct to the best of my knowledge and belief.

ANN C. BROWN
NOTARY PUBLIC
REG # 7521150
COMMISSION EXPIRES
6·30·20
COMMONWEALTH OF VIRGINIA

# John Marshall

## 6800 Paragon Place   Suite 202
## Richmond, VA  23230-1656

Phone   804-285-0807
Fax     804-452-7492

Email: JMarshall@JMPartnersLLC.com

# MEMO

| To: | US Bankruptcy Court<br>ATTN: Clerk of the Court<br>401 West Trade Street   Room 111<br>Charlotte, NC 28202 | From: | John Marshall |
| --- | --- | --- | --- |
| cc: | *all others on Service List enclosed* | | |
| RE: | **Dormant Funds Recovery**<br>USBC Case # 03-34626 Mickler | Date: | April 27, 2019 |

RECEIVED
U.S. Bankruptcy Court
of NC

MAY 09 2019

Steven T. Salata, Clerk
Charlotte Division
KRT

Gentlemen –

  Please find enclosed herewith the following:

1) Motion for the release of unclaimed funds,

2) Required supporting documents for the application,

   I thank you for your assistance – and if you have any questions please direct them to me by email (preferred), phone, fax, or regular mail, all as listed above.